**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4814

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

MAURICE HILTON,

> Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:18-cr-00639-CCB-1)

Submitted: June 2, 2020                                    Decided: July 10, 2020

Before AGEE, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Lindsey N. McCulley, Assistant United States Attorney, Peter J. Martinez, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Maurice Hilton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2018), the district court sentenced him to 48 months' imprisonment, a variance from his Sentencing Guidelines range of 15 to 21 months' imprisonment. Hilton argues that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

We review a defendant's sentence for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

Hilton contends that his sentence is procedurally unreasonable because the district court did not address two of his arguments for his requested below-Guidelines sentence. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why [s]he has rejected those

2

arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). Although we may discern a district court's rationale from the context surrounding its decision, "we will not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Lewis*, 958 F.3d 240, 244 (4th Cir. 2020) (alteration and internal quotation marks omitted).

As to Hilton's contention that the district court did not address his argument that an above-Guidelines sentence would result in unwarranted sentencing disparities, we agree with the Government that Hilton did not make this argument. Instead, he argued that the Government's requested 96-month sentence would have resulted in unwarranted sentencing disparities. The district court did not impose such a sentence and, thus, did not need to address this argument further. *See United States v. Arbaugh*, 951 F.3d 167, 175 (4th Cir. 2020).

Hilton further argues that the district court did not address his argument that he possessed the firearm in the instant offense for protection. We conclude that the district court's explanation showed that it considered this argument and rejected it. Based on the court's extensive discussion of Hilton's past firearms offenses and the need to deter Hilton

3

from possessing firearms in the future, it is clear from the record that the district court rejected both the factual basis for and the relevance of Hilton's argument that he possessed the firearm for personal protection, in light of Hilton's history with weapons and the need for deterrence. Therefore, we conclude that Hilton's sentence is procedurally reasonable.

Hilton next contends that his sentence is substantively unreasonable because the district court's explanation does not support the extent of the variance and focused too heavily on his past firearms offenses. "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "We will vacate such [a] sentence if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (quoting *Gall*, 552 U.S. at 51). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

4

Here, we conclude that Hilton's sentence is substantively reasonable. The court clearly explained why an above-Guidelines sentence was necessary in this case, citing primarily Hilton's past firearms offenses and the need to deter Hilton from possessing firearms in the future. The district court did not rely solely on one § 3553(a) factor. *See, e.g.*, *Zuk*, 874 F.3d at 410 (recognizing sentence may be substantively unreasonable when district court only considers one § 3553(a) factor to the exclusion of other relevant factors). This was Hilton's third firearms offense in five years, demonstrating that he had not been deterred from engaging in illegal conduct. We cannot say that the district court abused its discretion in concluding that an above-Guidelines sentence was appropriate in this case.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*