**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4875**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GIOVANNI WRIGHT, a/k/a G,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:13-cr-00229-GLR-3)

Submitted:  October 23, 2020                    Decided:  November 3, 2020

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene V. Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant.  Robert K. Hur, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giovanni Wright pled guilty to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); discharging a firearm in furtherance of a crime of violence (referring to Count 1) and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (Count 7); and unlawful dealing in firearms and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 922(a)(1)(A) (Count 12). The district court accepted the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement and sentenced Wright to 216 months' imprisonment. We granted the Government's motion to dismiss Wright's first appeal as untimely.

Wright thereafter filed a 28 U.S.C. § 2255 motion seeking vacatur of his § 924(c) conviction pursuant to *Johnson v. United States*, 576 U.S. 581 (2015), which declared the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), unconstitutionally vague. The motion remained pending until the Supreme Court issued *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)'s residual clause is also unconstitutionally vague. The district court concluded that, after *Davis*, Wright's racketeering-conspiracy conviction no longer qualified as a crime of violence. The court, therefore, granted Wright's § 2255 motion, vacated his § 924(c) conviction in Count 7, and scheduled the case for resentencing on Counts 1 and 12.

The district court resentenced Wright to 180 months' imprisonment. On appeal, Wright argues that this upward variant sentence is procedurally and substantively unreasonable. We affirm.

2

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). We must first determine whether the district court committed procedural error, such as failing to calculate or improperly calculating the Sentencing Guidelines range, failing to give the parties an opportunity to argue for an appropriate sentence, insufficiently considering the 18 U.S.C. § 3553(a) factors, relying on clearly erroneous facts, or inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

Wright argues that his sentence is procedurally unreasonable because the district court did not consider his nonfrivolous arguments for a within-Guidelines sentence, render an individualized assessment of the offense conduct as applied to him, or explain adequately the need for such a dramatic upward variance.

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification

than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

When explaining the sentence, the "district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (alteration and internal quotation marks omitted). "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). "District courts need not spell out their responses to defendants' arguments where context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Id.* (alteration, citation, internal quotation marks omitted). Moreover, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted), *petition for cert. filed*, No. 20-5825 (U.S. Sept. 19, 2020).

Wright correctly notes that, "[i]n a typical case, the guidelines sentencing range embodies the § 3553(a) factors and reflects a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Lymas*, 781 F.3d at 112 (alteration and internal quotation marks omitted). The district court, however, was clear that this was not a typical case.

4

The court acknowledged that Wright accepted responsibility for his actions and expressed remorse, that he has a son and a supportive family, that he now recognizes the importance of his family, that his family struggled financially, that he joined the gang and started using drugs at a young age, that he has a high school diploma, and that he suffers from mental health and substance abuse issues. But the court also remarked on Wright's cavalier attitude while selling deadly firearms, his lack of restraint, his commission of criminal conduct not accounted for in the Guidelines, his failure to apologize to the victims during his allocution, his role as a founding member of the gang in Howard County, and his predatory behavior that caused significant harm to the community. While the court at times talked generally about the actions of the gang, it also described Wright as an active participant in the criminal activity. Finally, the court explained that it was not totally persuaded that Wright had been a model prisoner, observing that there was no evidence of his participation in any vocational training during his many years in prison. Based on the district court's careful assessment of the mitigating and aggravating factors in its robust explanation, we conclude that Wright's challenges to the procedural reasonableness of his sentence are without merit, and we have discerned no other procedural hurdles that would preclude us from considering the substantive reasonableness of his sentence. *See Provance*, 944 F.3d at 218-20.

To that end, Wright argues that his sentence is substantively unreasonable because the district court did not identify any factors that would differentiate his case from the typical gang-related racketeering cases. He maintains that all of the factors on which the

5

court relied in imposing his upward variant sentence are fully accounted for in the Guidelines calculation.

"Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Hargrove*, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal quotation marks omitted). District courts, however, "have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Nance*, 957 F.3d at 215 (citation and internal quotation marks omitted).

Here, the district court identified several factors justifying a significant upward variance from the Guidelines range, such as Wright's cavalier attitude and lack of restraint when committing the crimes, the uncharged predatory and violent behavior in which he engaged as a founding member of the gang, and his failure to apologize to the victims of his crimes. In the end, the court determined that these aggravating factors and others warranted an upward variant sentence but not to the extent requested by the Government due, in part, to the mitigating factors highlighted by counsel. Wright has failed to identify any reason for overruling the court's considered judgment "that the § 3553(a) factors, on a

6

whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). Accordingly, we conclude that Wright's sentence is substantively reasonable.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*