**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4407**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MILLARD JEROME STRICKLAND, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Donald C. Coggins, Jr., District Judge. (8:18-cr-00855-DCC-1)

Submitted: March 29, 2021                                  Decided: April 8, 2021

Before GREGORY, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson, III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Robert F. Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Millard Jerome Strickland, Jr., pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Based on a total offense level of 31 and a criminal history category of VI, Strickland faced an advisory Sentencing Guidelines range of 188 to 235 months' imprisonment. The district court granted Strickland's motion for a variance and sentenced him to a below-Guidelines term of 168 months' imprisonment. Strickland noted a timely appeal, challenging the reasonableness of his sentence.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. Procedural errors include failing to adequately explain the sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).[*]

Strickland first argues that the district court failed to consider his arguments for a lower sentence based on his increased risk of serious illness from COVID-19 due to his

_____

[*] Strickland does not challenge the substantive reasonableness of his sentence.

2

obesity and race (Black). At sentencing, a district court must "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations and internal quotation marks omitted). "It is sometimes possible to discern a sentencing court's rationale when an explanation is lacking." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (alteration and internal quotation marks omitted). Moreover, where a court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020). Our review of the record discloses that the district court appropriately took into account Strickland's arguments for a variance, including the pandemic, in arriving at the below-Guidelines sentence imposed.

Next, Strickland claims that the district court improperly relied on facts surrounding a prior assault conviction. We find that the court appropriately considered the conviction, discussing it in the context of his entire criminal history—a history that placed him in criminal history category VI even without application of the career offender enhancement.

Finally, Strickland argues that his state drug convictions should not have been counted as "controlled substance offenses" for purposes of the career offender enhancement because the state definition of marijuana is broader than the federal definition. However, Strickland concedes—correctly—that this argument is foreclosed by circuit precedent. *See United States v. Mills*, 485 F.3d 219, 222 (4th Cir. 2007) (holding that a state-law conviction involving a substance controlled under state, but not federal,

3

law still qualifies as a "controlled substance offense" within the meaning of the Sentencing Guidelines).

Therefore, we affirm Strickland's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*