**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4028**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMIL HASSAN LEWIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (5:18-cr-00161-FL-1)

Submitted: March 11, 2020                              Decided: May 4, 2020

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion.  Judge Keenan wrote the opinion, in which Judge Wynn and Judge Harris concurred.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, John Parris, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

Jamil Lewis was convicted of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He was sentenced for this offense to a term of 63 months' imprisonment and to a three-year period of supervised release. The district court additionally recommended, without explanation, that Lewis receive addiction treatment while incarcerated and ordered, as a special condition of his supervised release, that Lewis participate in an addiction treatment program. On appeal, Lewis argues that his sentence is procedurally unreasonable because the district court: (1) failed to provide an adequate explanation for imposing as a special condition of supervised release the requirement of addiction treatment; and (2) failed to address Lewis' nonfrivolous mitigation arguments.

We agree with Lewis that his sentence is procedurally unreasonable for the above two reasons. We therefore vacate the district court's judgment imposing sentence, and remand the case for resentencing.

I.

Lewis, age 36, was arrested at his residence for committing crimes of a sexual nature against a minor, in violation of North Carolina law.[1] The victim's mother earlier had informed officers that Lewis had threatened to assault her and her child, and that Lewis carried a firearm. After arresting Lewis for the sex crimes involving a minor, officers

---

[1] Lewis was charged in state court with multiple crimes involving sex with a minor, based on allegations that he had engaged in sexual activity with a twelve-year-old female. At the time of sentencing in the present case, those state charges were pending.

conducted a protective sweep of Lewis' residence and located a handgun in plain view on Lewis' bedroom dresser.

Because Lewis previously had been convicted of a crime for which he could have received more than twelve months' imprisonment, he was charged in the district court with one count of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Lewis pleaded guilty without a plea agreement to the single-count indictment. In Lewis' presentence report (PSR), the probation officer concluded that Lewis' offense level was 17 and that his criminal history category was VI. This combined calculation resulted in a recommended Sentencing Guidelines range of between 51 and 63 months' imprisonment. The probation officer also stated in the PSR that Lewis denied "ever drinking alcohol or using any illicit substances," and that the probation officer's investigation had "revealed no information to the contrary."

In addition to reviewing the PSR, the district court considered two "character" letters submitted by Lewis, one from his mother and another from Sydney Campbell, the mother of one of Lewis' children. In the letter from Lewis' mother, she described Lewis as someone with "no past criminal history." In contrast, the PSR set forth Lewis' substantial criminal history, including that his first offense was committed at age 16.

Campbell described Lewis as a good father who worked to support his family. She defended Lewis' "grave mistake," committing sex crimes against a minor, by describing Lewis' intent as "thinking he was doing the work of the Lord." Additionally, Campbell asked the district court to help Lewis with his addiction to controlled substances. She explained that Lewis has a "slight addiction" to "scheduled substances," and that he "turns

3

to these drugs whenever he is down, or angry" or "when he just can't seem to get things right." Campbell asked the court to "get [Lewis] help while he is in custody."

At the sentencing hearing, Lewis' counsel requested a sentence at the low end of the Guidelines range, arguing that Lewis' only criminal offense since 2010 was a conviction for reckless driving, that Lewis had met his obligations to his family and his church, and that he had maintained employment and could return to his job upon his release. The government requested a sentence at the high end of the Guidelines range, on the basis that Lewis was a member of a gang, had threatened his family with a firearm, and had amassed a lengthy and violent criminal history, including multiple robbery convictions.

Before imposing sentence, the district court mentioned the letters submitted by Lewis' mother and Campbell, describing those letters as "not helpful." The court "discounted" Lewis' mother's letter as not credible, because she incorrectly represented that this was Lewis' first offense. Commenting on Campbell's letter, the court expressed confusion over Campbell's religion-based excuse for Lewis' sexual misconduct. The court concluded, "Well, some letters [submitted for sentencing purposes] are very helpful and informative. And in this case those letters were not."

The district court sentenced Lewis to a term of 63 months' imprisonment, a sentence at the upper end of the Guidelines range, and to a three-year term of supervised release. In explaining its decision, the court observed that Lewis had many juvenile convictions that were not factored into the Guidelines range. Although the court did not find an upward departure necessary, the court concluded that a sentence at the high end of the Guidelines range was "necessary to reflect the dangerousness of [Lewis], the need to protect the public

4

from [Lewis], [and] the need to promote respect for the law." The court also admonished Lewis for his "abundant disrespect" for the law.

In addition, the court recommended that Lewis be given "the most intensive drug treatment or treatment for addiction or dependency that the Bureau [of Prisons] can make available." The court informed Lewis that if he is "lucky enough to get into [such a] program, it would benefit [him]." The court also imposed a special condition of supervised release requiring Lewis "to participate in a treatment program for addiction or dependency" that "include[s] urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility." Lewis appeals from the district court's sentencing determination.

## II.

Lewis contends that his sentence is procedurally unreasonable because the district court failed to give adequate reasons for its sentence, particularly with respect to the imposition of addiction treatment, and failed to address Lewis' nonfrivolous mitigation arguments. The government counters that Lewis' sentence is procedurally reasonable because the court adequately addressed Lewis' arguments and sufficiently explained its within-Guidelines sentence. We disagree with the government's position.

A.

We review the sentence imposed by the district court for abuse of discretion.[2] *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). When an abuse of discretion occurs, we will vacate the defendant's sentence "unless we conclude that the [district court's] error was harmless." *Id.*

A sentence is procedurally unreasonable if the district court commits a "significant procedural error," such as: (1) imposing "a sentence based on clearly erroneous facts;" (2) failing to explain the sentence adequately; or (3) failing to address the defendant's nonfrivolous arguments. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). A district court is required to provide "an individualized assessment" based on the facts before the court, and to explain adequately the sentence imposed "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. These requirements apply equally to any special conditions of supervised release. *See United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

A sentence within the Guidelines range requires less explanation than one outside that range. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007). However, this Court, in reviewing a district court's sentencing rationale, cannot rely on the mere fact that the

---

[2] Because Lewis asked the district court to impose a lesser sentence under the sentencing factors enumerated in 18 U.S.C. § 3553(a), he preserved those arguments for review by this Court. *United States v. Lynn*, 592 F.3d 572, 578-79 (4th Cir. 2010).

sentence falls within the Guidelines range. *See United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017).

"[I]t is sometimes possible to discern a sentencing court's rationale" when an explanation is lacking. *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019). Thus, we will decline to vacate a sentence when the court's reasoning, although not "spell[ed] out," was "patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). But we may do so only when "[t]he context surrounding a district court's explanation . . . imbue[s] it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id.*

Nevertheless, we will not "guess at the district court's rationale, searching the record for statements by the [g]overnment or defense counsel or for any other clues that might explain a sentence." *Ross*, 912 F.3d at 745 (citation omitted). At bottom, this Court cannot "substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *United States v. Arbaugh*, 951 F.3d 167, 178 (4th Cir. 2020).

B.

We conclude that the district court's sentence was procedurally unreasonable, because the court failed to explain its sentence adequately and did not address Lewis' nonfrivolous mitigation arguments. Most notably, the court failed to provide a basis for recommending addiction treatment during Lewis' incarceration and for requiring his participation in an addiction treatment program as a condition of his supervised release. The only evidence in the record to support the factual finding that Lewis is addicted to drugs is Campbell's letter citing Lewis' substance abuse problem. But the court plainly

7

did not rely on that evidence at sentencing, and instead explicitly discounted Campbell's letter by describing it as confusing and "not helpful."

At the sentencing hearing, the parties did not address, nor did the district court inquire, whether Lewis was addicted to controlled substances. And, as noted above, the probation officer stated in the PSR that Lewis denied "ever drinking alcohol or using any illicit substances," and that the officer's "investigation revealed no information to the contrary." This evidence suggests that Lewis does *not* need addiction treatment. Nonetheless, the district court recommended in-prison addiction treatment and required post-release addiction treatment as a special condition of supervised release. On this record, we cannot discern the court's sentencing rationale in imposing this condition. *See Ross*, 912 F.3d at 745.

In addition to failing to explain its imposition of addiction treatment, the district court also offered only a cursory explanation of its sentence and failed to respond to the nonfrivolous arguments Lewis made in mitigation. The only explanation the court provided for its sentence, a term of imprisonment at the high end of the Guidelines range, was that the sentence "is necessary to reflect the dangerousness of [Lewis], the need to protect the public from [Lewis], [and] the need to promote respect for the law." This explanation was largely a "recitation" of the § 3553(a) factors "without application to the defendant being sentenced" and, as such, does not "provide an adequate basis for appellate review." *Blue*, 877 F.3d at 518 (citation omitted). And, while the court observed that Lewis had many juvenile convictions that had not been factored into the Guidelines range,

8

the court did not address Lewis' argument regarding the extended period that had passed since his last serious criminal offense.

We recently recognized the importance of addressing nonfrivolous mitigation arguments in our decision in *Ross*, 912 F.3d 740, 744-46 (4th Cir. 2019), in which we held that a district court's failure to address, among other things, the defendant's "history of gainful employment" and "his role as a caretaker" required that his sentence be vacated. In the present case, Lewis' counsel offered numerous arguments in mitigation, namely, that Lewis' only criminal conviction since 2010 was for reckless driving, that he has been committed to his family and his church, and that he has been employed and could return to his job upon his release. Although the court discussed and discredited the two letters describing Lewis as a hardworking family man, the court's decision did not address separately the "central thesis" of Lewis' argument, that his role as a working father should be considered. *United States v. Nance*, — F.3d — , No. 18-4585, 2020 WL 1918705, at *6 (4th Cir. Apr. 21, 2020) (explaining court's duty to address defendant's "central thesis," and noting that, when court does so, it need not address every fact advanced in support of that argument).

These were not frivolous arguments that could be disregarded summarily by the sentencing court. *See Ross*, 912 F.3d at 744-45 (describing defendant's arguments regarding his employment and status as caretaker as "nonfrivolous"); *see also United States v. Patterson*, — F.3d — , No. 18-4402, 2020 WL 1966842, at *9 (4th Cir. Apr. 24, 2020) (explaining that the district court must "acknowledge it had heard [the defendant's mitigation] arguments and taken [these arguments] into consideration in arriving at" its

sentence). Instead, the district court was required to give "specific attention" to Lewis' nonfrivolous arguments, *Blue*, 877 F.3d at 521, and the court's failure to do so resulted in a procedurally unreasonable sentence, *Carter*, 564 F.3d at 328-29; *see also Patterson*, 2020 WL 1966842, at *9.

The government, nevertheless, seeks to avoid this result by advancing an alternative argument that the district court's sentencing error was harmless. We find no merit in this argument. To establish harmless error, the government bears the burden of demonstrating "that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." *Lynn*, 592 F.3d at 585. The government has failed to meet that burden here. Given the district court's imposition of addiction treatment without a basis in the record beyond an "unhelpful" letter, and the court's imposition of a sentence at the top of the Guidelines range, a more robust consideration of Lewis' arguments and an adequate response to those arguments may have resulted in a lesser sentence. *See id.*; *see also Patterson*, 2020 WL 1966842, at *9 (concluding that "the district court's error was not harmless" when "nothing in the record explicitly indicates that [the court] would have imposed the same sentence regardless of whether [the court] considered any specific mitigation factors"). Accordingly, the district court must address Lewis' nonfrivolous arguments in mitigation on remand.

## III.

For these reasons, we hold that Lewis' sentence is procedurally unreasonable. We vacate Lewis' sentence and remand the case to the district court for resentencing.

*VACATED AND REMANDED*

---

* This opinion is published without oral argument pursuant to this Court's Standing Order 20-01, www.ca4.uscourts.gov/docs/pdfs/amendedstandingorder20-01.pdf (amended Apr. 7, 2020).