**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4419**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN PABLO BARCENAS-BUENO,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:19-cr-01009-TMC-1)

Submitted: January 26, 2021                          Decided: January 29, 2021

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora C. Blanchard, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Max B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Pablo Barcenas-Bueno pled guilty to illegally reentering the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a). The district court imposed a within-Guidelines sentence of 24 months' imprisonment followed by 1 year of supervised release. Barcenas-Bueno appeals, arguing that his sentence is procedurally unreasonable because the court did not consider his nonfrivolous sentencing arguments. Finding no error, we affirm.

We review Barcenas-Bueno's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In crafting an appropriate sentence, the district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . where the record fails to make it patently obvious," *id.* at 521 (internal quotation marks omitted), and the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence, *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted).

However, "[t]he sentencing court's explanation need not be extensive," *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018); where the court addresses the defendant's "central thesis" for mitigation, it need not "address separately each supporting data point marshalled on its behalf," *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.

2

2020), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). Furthermore, we "will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). "The context surrounding a district court's explanation may imbue it with enough content" for this court to conclude that the sentencing court gave specific attention to the defendant's arguments. *Id.*

We have reviewed the transcript of Barcenas-Bueno's sentencing hearing and find that the district court adequately addressed his nonfrivolous arguments. Barcenas-Bueno argued that the court should impose a below-Guidelines sentence because he had already served time in state custody, had originally been brought to the United States at a young age, and had reentered the country in order to see his immediate family. The court explicitly acknowledged that Barcenas-Bueno's family situation was difficult but insufficient to justify a below-Guidelines sentence given the seriousness of his offense and his long criminal record. In addition, the court's detailed discussion of Barcenas-Bueno's criminal history, lack of respect for the law, and potential to endanger the public "make it patently obvious" that the court considered, and rejected, Barcenas-Bueno's argument that the time he already served in custody warranted a below-Guidelines sentence. *Blue*, 877 F.3d at 521 (internal quotation marks omitted). We therefore conclude that the district court met its obligation to address and explain its rejection of Barcenas-Bueno's arguments "in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review," *id.* at 519, and thus that Barcenas-Bueno's sentence is procedurally reasonable.

3

Therefore, we affirm Barcenas-Bueno's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*