**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4295**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

BRANDON J. COVINGTON,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00007-FL-1)

Submitted: March 26, 2021                   Decided: April 12, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon J. Covington pled guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 60 months' imprisonment, within the advisory Sentencing Guidelines range, followed by 3 years of supervised release. Covington appeals, arguing that his sentence is procedurally unreasonable because the court did not adequately consider his nonfrivolous arguments for a lower sentence. Finding no error, we affirm.

We review Covington's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 42 (2007). In crafting an appropriate sentence, the district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . when the record fails to make it patently obvious," *id.* at 521 (internal quotation marks omitted), and the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence, *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted).

However, "[t]he sentencing court's explanation need not be extensive," *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018); where the court addresses the defendant's "central thesis" for mitigation, it need not "address separately each supporting data point marshalled on its behalf," *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.

2

2020), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). Furthermore, we "will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). "The context surrounding a district court's explanation may imbue it with enough content" for this court to conclude that the sentencing court gave specific attention to the defendant's arguments. *Id.*

We have reviewed the record and conclude that the district court adequately addressed Covington's nonfrivolous sentencing arguments. Covington argued that the district court should impose a sentence at the bottom of the Guidelines range because he had a difficult childhood, had plans for future employment, and suffered from mental illness and substance abuse. The court explicitly acknowledged that Covington had a difficult childhood but imposed a sentence near the top of the Guidelines range given the seriousness of his offense and the need to promote respect for the law. In addition, the court acknowledged Covington's mental health and substance abuse issues, and the court's recommendation for Covington to receive further education and vocational training, mental health treatment, and substance abuse treatment make it "patently obvious" that the court considered and rejected Covington's remaining arguments. *Montes-Pineda*, 445 F.3d at 381. We therefore conclude that the district court met its obligation to address and explain its rejection of Covington's arguments "in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review," *Blue*, 877 F.3d at 519, and thus that Covington's sentence is procedurally reasonable.

Therefore, we affirm Covington's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*