**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4349**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY ALLEN NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:19-cr-00187-1)

Submitted:  April 8, 2021                    Decided:  April 28, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Christopher R. Arthur, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Allen Nelson pled guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 30 months' imprisonment, within the advisory Sentencing Guidelines range, followed by 3 years of supervised release. Nelson appeals, arguing that his sentence is procedurally unreasonable because the court did not adequately consider his nonfrivolous arguments for a lower sentence. Finding no error, we affirm.

We review Nelson's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 42 (2007). In crafting an appropriate sentence, the district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . when the record fails to make it patently obvious," *id.* at 521 (internal quotation marks omitted), and the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence, *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted).

However, "[t]he sentencing court's explanation need not be extensive," *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018); where the court addresses the defendant's "central thesis" for mitigation, it need not "address separately each supporting data point marshalled on its behalf," *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.

2

2020), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020). Furthermore, we "will not vacate [a] sentence simply because the court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). "The context surrounding a district court's explanation may imbue it with enough content" for this court to conclude that the sentencing court gave specific attention to the defendant's arguments. *Id.* We have reviewed the record and conclude that the district court adequately addressed Nelson's nonfrivolous sentencing arguments and made clear the reasons for the term it imposed, so the sentence is procedurally reasonable.

Therefore, we affirm Nelson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*