**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4379**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS ARTHUR RITTENHOUSE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:18-cr-00056-KDB-DSC-1)

Submitted:  August 26, 2021                Decided:  September 27, 2021

Before WYNN and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Arthur Rittenhouse appeals his convictions following a jury trial for possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and two counts of knowingly transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The district court imposed a sentence of 240 months' imprisonment, which was within the advisory Sentencing Guidelines range. For the reasons that follow, we affirm.

On appeal, Rittenhouse first argues that the district court erred in permitting a law enforcement official to testify as to the age of a child depicted in one of the pornographic videos, based upon his observations of her and his review of her driver's license, because the testimony was based on inadmissible hearsay statements. "We review for abuse of discretion a trial court's decision concerning the admissibility of evidence." *United States v. Palacios*, 677 F.3d 234, 242 (4th Cir. 2012) (internal quotation marks omitted). "We will not find that a district court abused its discretion unless its ruling was arbitrary and irrational." *Id.* (internal quotation marks omitted). Moreover, any error "that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); *see also* Fed. R. Evid. 103(a) (noting that error may not be predicated upon a ruling which admits or excludes evidence unless it "affects a substantial right of the party"). Nonconstitutional error is harmless when "we can say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

2

Even assuming that the testimony repeated an out-of-court statement for the truth of the facts recited and thus contained hearsay, Rittenhouse has failed to show prejudice. Significant nonhearsay evidence, including the officer's own personal observations, the video itself, and the testimony of other officials, supported the conclusion that the child in the video was prepubescent. Accordingly, we conclude with "fair assurance" that the testimony regarding the individual's age on her driver's license did not affect, let alone "substantially sway[]," the judgment. *Id.* (internal quotation marks omitted).

Rittenhouse also claims that the district court's decision to admit the testimony violated the Confrontation Clause. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. However, "[e]vidence implicates the Confrontation Clause only if it constitutes a testimonial statement—that is, a statement made with a primary purpose of creating an out-of-court substitute for trial testimony." *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015) (internal quotation marks omitted). The Supreme Court has specifically noted that "[b]usiness and public records are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial— they are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).

Driver's licenses, regularly issued by state agencies, are public records routinely created to administer the states' highway safety regulations and protect public safety, not to prove facts at trial. *See Reitz v. Mealey*, 314 U.S. 33, 36 (1941) (noting states issue licenses to ensure drivers use "competence and care" and to "protect [motorists] using the

3

highways"), *overruled on other grounds by Perez v. Campbell*, 402 U.S. 637 (1971). Accordingly, statements on driver's licenses are not testimonial in nature. We therefore hold that the district court did not violate the Confrontation Clause in admitting the testimony.

Lastly, Rittenhouse argues that his sentence is procedurally unreasonable because the district court did not adequately consider his nonfrivolous arguments for a below-Guidelines sentence. We review Rittenhouse's sentence for reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 46 (2007). In crafting an appropriate sentence, the district court must "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this [c]ourt to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "We cannot assume that a sentencing court truly considered a defendant's nonfrivolous arguments . . . when the record fails to make it patently obvious," *id.* at 521 (internal quotation marks omitted), and the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence, *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted).

However, "[t]he sentencing court's explanation need not be extensive," *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018); where the court addresses the defendant's "central thesis" for mitigation, it need not "address separately each supporting data point marshalled on its behalf," *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). Furthermore, "[w]e will not vacate [a] sentence simply

4

because the court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We have reviewed the record and conclude that the district court adequately addressed Rittenhouse's nonfrivolous sentencing arguments. Rittenhouse argued that the district court should impose a sentence of five years, the mandatory minimum for his offenses, because he was elderly and in poor health, had never created pornography or molested a child, had cooperated in the Government's investigation, and had been law-abiding since his release from prison 40 years ago. The court explicitly acknowledged Rittenhouse's age and poor health but found that a within-Guidelines sentence was necessary to deter other potential offenders and avoid unwarranted sentencing disparities. In addition, the court emphasized the serious nature of Rittenhouse's offenses, noted that the Guidelines range would have been higher had he molested a child or created pornography, described Rittenhouse's lack of remorse and "cavalier attitude" toward child pornography (J.A. 471),[*] and reviewed Rittenhouse's criminal history, which included the murder of a law enforcement officer. The district court's thorough discussion of Rittenhouse's offense, history, and characteristics make it "patently obvious" that the court considered and rejected Rittenhouse's arguments. *Montes-Pineda*, 445 F.3d at 381. We thus conclude that Rittenhouse's sentence is procedurally reasonable.

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

5

Therefore, we affirm Rittenhouse's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*