**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4113**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIO HISAEL ALMONTE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:21-cr-00160-1)

─────────────

Submitted:  July 6, 2023                                                            Decided:  July 24, 2023

─────────────

Before GREGORY and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Nowles H. Heinrich, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julio Hisael Almonte pled guilty, without a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C § 1349, and two counts of wire fraud, in violation of 18 U.S.C § 1343. Almonte's charges arose after he and a coconspirator purchased two new trucks using stolen identities. Prior to purchasing the trucks, Almonte and his coconspirator obtained the victims' information, created forged driver's licenses, and secured insurance and financing for the vehicles. At sentencing, the district court denied Almonte's request for a downward variance and sentenced him to 15 months' imprisonment, at the bottom of his advisory Sentencing Guidelines range. On appeal, Almonte argues that the court failed to adequately explain the sentence, rendering it procedurally unreasonable. We affirm Almonte's convictions, vacate the sentence, and remand for resentencing.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Where a defendant (or prosecutor) presents nonfrivolous reasons for imposing a sentence outside the Guidelines, the sentencing judge must address or consider those arguments and explain why he has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). As long as the "district court addresses [the]

2

defendant's central thesis," an exhaustive explanation is not required. *Id.* (internal quotation marks omitted). Still, some explanation is necessary, as "we may [not] guess at which arguments the court might have considered or assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted).

> In denying Almonte's request for a downward variance, the district court explained:

> [T]he nature of the offense here cuts very strongly against that. This offense involved a significant amount of planning. It also involved identity theft[,] which is a very serious crime and a serious problem in our society now. And I just think it's not appropriate to do a downward variance.

(J.A. 31).[*] The court later explained that it had considered the 18 U.S.C. § 3553(a) sentencing factors and "believe[d] the sentence imposed is sufficient but not greater than necessary to adequately punish [Almonte] for his serious offense behavior, to instill within [him] and the public a proper respect for the law, and to provide for a proper period of incapacitation and rehabilitation." (J.A. 35).

Almonte argues that the district court's explanation failed to address the nonfrivolous arguments he raised in support of his request for a downward variance. We agree. Based on the present record, it is not clear that the court considered Almonte's arguments that he had no prior criminal convictions; that over four years had passed since the offense conduct—during which he had incurred only a criminal mischief conviction resulting in a noncustodial sentence; that he had a large, supportive extended family; and

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

that a sentence of probation would allow him to support his family and to more efficiently pay restitution. As Almonte asserts on appeal, the court's explanation emphasized the seriousness of his offenses, but it did not address any of his arguments related to his personal history and characteristics.

Further, "[we] cannot look at the district court's comments and determine that the explicit consideration of" Almonte's arguments "would not have affected the ultimate term of confinement imposed" without improperly guessing at the court's rationale. *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019). We therefore cannot conclude that this procedural error was harmless. *See id.*; *see also United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (explaining that "the [G]overnment bears the burden of demonstrating that the district court's explicit consideration of [Almonte's] arguments would not have affected the sentence imposed" (internal quotation marks omitted)).

Accordingly, although we affirm Almonte's convictions, we vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4