**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4593**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KYHEEM TYREE ARNOLD MARTINEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:23-cr-00019-LCB-1)

_____

Submitted:  June 25, 2024                                   Decided:  June 27, 2024

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyheem Tyree Arnold Martinez pleaded guilty to possession of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Martinez to 60 months' imprisonment, within the Sentencing Guidelines range, and Martinez now appeals.  On appeal, Martinez contends that his sentence is procedurally unreasonable because the district court failed to address one of the mitigating arguments he presented in support of a lower sentence—that undercover officers first initiated the discussion of illegal activity.  Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A district court is required . . . to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing."  *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted).  "[A] district court's explanation should provide some indication that the court considered the [18 U.S.C.] § 3553(a) factors . . . and also that it considered [the] defendant's nonfrivolous arguments for a lower sentence."  *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (cleaned up).  However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy."  *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted).  Thus, we will not vacate a sentence where "[t]he context surrounding a district court's explanation . . . imbue[s] it with enough content for us to evaluate both whether the court

2

considered the § 3553(a) factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

We have reviewed the record and conclude that the district court adequately considered the parties' nonfrivolous sentencing arguments and explained its rationale for imposing Martinez's 60-month sentence based on Martinez's history, characteristics, acceptance of responsibility, and the dangerous nature of the conduct underlying the offense. Indeed, as here, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*