**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4487**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KENNETH ROBERT GODSEY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:22-cr-00012-NKM-JCH-1)

─────────────

Submitted:  December 18, 2024                   Decided:  April 1, 2025

─────────────

Before HARRIS, RUSHING, and BERNER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Christopher Kavanaugh, United States Attorney, Joseph Attias, Assistant United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Robert Godsey pled guilty to 11 counts of mailing threatening communications to federal officers and officials, in violation of 18 U.S.C. § 876(c). The district court calculated Godsey's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2021) at 57 to 71 months and sentenced him to 115 months' imprisonment. On appeal, Godsey contends that his sentence is procedurally and substantively unreasonable. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). "Reasonableness review has procedural and substantive components." *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023) (internal quotation marks omitted). "Procedural reasonableness requires us to ensure that the district court committed no significant procedural error," *id.* (internal quotation marks omitted), which includes improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). If we conclude that the district court abused its discretion by committing

a significant procedural error, we reverse for resentencing unless we conclude that the error was harmless. *United States v. Roy*, 88 F.4th 525, 530 (4th Cir. 2023).

"If the sentence is procedurally sound, we then consider its substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (internal quotation marks omitted). "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *Id.* (internal quotation marks omitted). "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). "And variant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (internal quotation marks omitted).

In light of these principles and after review of the record and the parties' briefs, we conclude that Godsey fails to establish reversible sentencing error by the district court. Assuming without deciding that the district court erred in departing under USSG §§ 2A6.1

3

cmt. n.4(B) and 4A1.3, p.s., such error was harmless. *See McKinnie*, 21 F.4th at 289 n.* (declining to consider appellant's arguments related to district court's alternative departure rationale where variant sentence was procedurally reasonable). The court determined that a 115-month prison term was warranted as an upward variant sentence in light of the nature and circumstances of Godsey's serious offense conduct; his history of mailing threatening communications commencing when he was in his mid 20s, his multiple prior convictions and sentencings for the same offense of mailing threatening letters, and his dedicated recidivism despite being warned by law enforcement to cease and desist sending threat letters; and the needs for the sentence imposed to promote respect for the law, provide just punishment, afford deterrence, and protect the public in light of Godsey's recidivism, action in sending additional letters not part of his offense conduct, and the likelihood that he would commit further crimes absent a significant sentence. These reasons are matched to factors appropriate for consideration under 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court, we conclude, adequately explained why it imposed the above-Guidelines prison term.

On substantive unreasonableness, Godsey emphasizes his mental illness and the role it played in his offense conduct. Nevertheless, the record reflects that the district court considered Godsey's request for a 57-month prison term grounded in his mental health concerns and weighed that request against his offense conduct, longstanding criminal history, and dedicated pattern of recidivism. Although "reasonable jurists could perhaps have balanced those competing factors differently and arrived at a different result, we cannot conclude that this is one of the rare cases where the sentence imposed by the district

4

court was substantively unreasonable in light of the § 3553(a) factors." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (cleaned up).

We thus affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*