**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4141

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTWAUN O. HEAGGEANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:24-cr-00070-REP-1)

Submitted:  October 30, 2025                     Decided:  November 4, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Amy L. Austin, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Eric S. Siebert, United States Attorney, Ellen H. Theisen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antwaun O. Heaggeans pleaded guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court varied upward and sentenced Heaggeans to 63 months' imprisonment. On appeal, Heaggeans asserts that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, in which the Supreme Court held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022). Heaggeans further argues that his sentence is procedurally unreasonable because the district court did not provide an adequate explanation for the imposed sentence. We affirm.

Two of our recent decisions foreclose Heaggeans's Second Amendment challenges on appeal. In *United States v. Canada*, we considered and rejected a constitutional challenge to § 922(g)(1), holding that "[s]ection 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." 123 F.4th 159, 161 (4th Cir. 2024) (citation modified). Likewise, in *United States v. Hunt*, we affirmed "the Supreme Court's repeated instruction that longstanding prohibitions on the possession of firearms by felons . . . are presumptively lawful." 123 F.4th 697, 708 (4th Cir. 2024) (quoting *United States v. Rahimi*, 602 U.S. 680, 699 (2024)), *cert denied*, 145 S. Ct. 2756 (2025) (internal quotation marks omitted).

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In

2

conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (citation modified). "Although the district court's explanation need not be elaborate or lengthy, when a district court's chosen sentence varies from the Guidelines range, we must be convinced that it gave serious consideration to the extent of the departure." *United States v. Davis*, 130 F.4th 114, 121 (4th Cir. 2025) (internal quotation marks omitted). "Further, we do not evaluate a court's sentencing statements in a vacuum but may discern the court's rationale from the context surrounding its explanation." *United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (citation modified).

On appeal, Heaggeans focuses on the brief statement the district court made prior to sentencing Heaggeans to argue that the court did not adequately explain its reasoning for the chosen sentence. However, "it is . . . well established that our review of a district

3

court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence." *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020). The court explicitly considered the § 3553(a) factors over the course of the sentencing and gave an individualized assessment of Heaggeans by considering the specific circumstances regarding the instant conflict with law enforcement and Heaggeans's history of violence towards law enforcement. The court also considered Heaggeans's mental health and difficult life circumstances but found that these circumstances did not mitigate the violent nature of the offense and Heaggeans's criminal history. The court again considered Heaggeans's mental health in recommending that Heaggeans receive mental health treatment while incarcerated and on supervised release, noting that Heaggeans had the capacity to become a good citizen. We therefore conclude that the district court adequately explained its chosen sentence and that Heaggeans's sentence is procedurally reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*