**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 25-4149**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM AMBROSE SIMPSON, II,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, Chief District Judge. (1:24-cr-00141-CCE-1)

───────────────

Submitted: February 26, 2026              Decided: March 2, 2026

───────────────

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Clifton T. Barrett, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Ambrose Simpson, II, pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. Simpson was charged with defrauding the United States of over one million dollars in COVID-19 relief funds. The district court varied downward from Simpson's advisory Sentencing Guidelines range and sentenced him to 36 months' imprisonment. On appeal, Simpson challenges the procedural and substantive reasonableness of his sentence. Specifically, Simpson argues that, in fashioning his sentence, the court failed to consider his nonfrivolous arguments for a noncustodial sentence and that it relied too heavily on the loss amount and the seriousness of the offense, to the exclusion of the other relevant 18 U.S.C. § 3553(a) factors. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (citation modified). In doing so, we first evaluate the sentence for any procedural errors, such as improperly calculating the Guidelines range, insufficiently considering the § 3553(a) factors, or inadequately explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is procedurally reasonable, we then review the substantive reasonableness of the sentence, considering "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id*. (citation modified). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and the "presumption can only be rebutted by showing that the

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (citation modified). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (citation modified). So long as the district court "has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled" on the defendant's behalf. *Id.* (citation modified).

Measured against this standard, we conclude that the district court adequately addressed Simpson's nonfrivolous arguments for a lower sentence. First, the court concluded that, in considering the § 3553(a) factors, the "mitigating factors, of which there [were] many" did not "outweigh the need to emphasize the seriousness of the offense, and . . . need for specific deterrence." (J.A. 85). Moreover, the court engaged with Simpson's arguments for a noncustodial sentence and acknowledged the mitigating factors that Simpson's counsel outlined. Simpson's central thesis at sentencing was that his personal characteristics and history—including his education, military service, family obligations, as well as the fact that some of the funds were used for legitimate purposes—warranted a greater downward variance. The court directly addressed Simpson's request for a

3

probationary sentence, specifically considering Simpson's lack of criminal history, age, education, and military service, but found that the serious nature and circumstances of the fraud weighed against a probationary sentence. The court highlighted that Simpson used funds for personal gain and that his conduct was not a one-time offense. From the give-and-take exchange at the sentencing hearing, coupled with the court's explicit acknowledgement of the many mitigating factors, the full context of the hearing supports a finding that the court adequately considered Simpson's nonfrivolous arguments for a lower sentence. We further conclude that nothing in the record rebuts the presumption of substantive reasonableness accorded Simpson's below-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*