**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4044**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SEBASTIAN REIGLE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:24-cr-00134-1)

---

Submitted:  January 12, 2026                          Decided:  April 2, 2026

---

Before QUATTLEBAUM, RUSHING, and BERNER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Lex A. Coleman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, D. Keith Randolph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sebastian Reigle pled guilty, without a written plea agreement, to communicating threats to injure in interstate commerce, in violation of 18 U.S.C. § 875(c). The district court sentenced Reigle to 30 months' imprisonment, an upward variance from his advisory Sentencing Guidelines range. On appeal, Reigle challenges the procedural reasonableness of his sentence. We affirm.

"We review the procedural reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Shields*, 126 F.4th 356, 360 (4th Cir. 2025) (internal quotation marks omitted). Relevant here, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (alteration and internal quotation marks omitted). However, "we do not evaluate a court's sentencing statements in a vacuum but may discern the court's rationale from the context surrounding its explanation." *United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (alteration and internal quotation marks omitted). And "[w]hen a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a [lower sentence]." *Fowler*, 58 F.4th at 153-54 (internal quotation marks omitted).

2

Reigle first contends that his sentence is procedurally unreasonable because the district court failed to consider one of his non-frivolous arguments for a lower sentence—specifically, the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). "Congress has expressly instructed sentencing courts to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Shields*, 126 F.4th at 360 (quoting 18 U.S.C. § 3553(a)(6)). And Reigle correctly notes that we considered the consequences of a district court's failure to consider this sentencing factor in *Shields*. *See id.* at 360-63.

Here, the Government argued that an upward departure was warranted based in part on the extremely egregious nature of Reigle's threatening, harassing, and vulgar communications. In other words, the Government contended that Reigle was not a typical offender and, therefore, imposing a sentence above the eight-month average for similar offenders in the district would not create an unwarranted disparity. Reigle's counsel, in contrast, argued that Reigle's conduct was no worse than that of a typical offender and, therefore, any sentence above the eight-month average would create an unwarranted disparity. Similarly, counsel contended that Reigle had already been punished more harshly than counsel's prior clients who entered into pretrial diversion agreements because, unlike those clients, Reigle would suffer the collateral consequences of his felony conviction throughout his entire life.

Unlike the district court in *Shields*, the district court here engaged with counsel when he attempted to minimize Reigle's conduct and thereby demonstrate that Reigle deserved a sentence on par with other offenders in the district convicted of similar crimes.

3

For example, the court flatly rejected counsel's attempt to blame the victim, warning him not to continue with that line of argument. And in response to counsel's contention that Reigle never acted on his threats, the court observed that Reigle had referenced his prior assault against the victim in certain messages, including the one that formed the basis of the indictment. The court acknowledged that Reigle was young when he committed the offense and that he had a serious alcohol abuse problem but concluded that Reigle needed to be punished for his "vulgar, threatening and voluminous text messages." (J.A. 84).[*] Importantly, the court explicitly rejected the notion that Reigle's conduct was not out of the ordinary. In fact, the court twice stated that Reigle's conduct "[c]ouldn't be much worse" (J.A. 84; *see* J.A. 70-71) and found that the nature of the offense was "about as nasty as you could expect" (J.A. 71).

In *Shields*, we faulted the district court for not recognizing or addressing the defendant's non-frivolous argument that imposing a within-Guidelines sentence would create an unwarranted disparity because the defendant's Guidelines range was higher due to the happenstance of where he committed his prior offense, not due to his level of culpability. *See Shields*, 126 F.4th at 361. Here, in contrast, the district court explained why sentencing Reigle above the Guidelines range would not create an unwarranted disparity. That is, the upward variant sentence was warranted because of the egregious nature of Reigle's conduct, which made him more culpable than the average offender, as well as Reigle's lack of understanding of the wrongfulness of his conduct. Thus, although

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties.

the court did not use the phrase "unwarranted sentencing disparities," we conclude that it is apparent from the court's comments that it considered and rejected counsel's argument that Reigle should be sentenced like an average offender.

Next, Reigle argues that his sentence is procedurally unreasonable because the district court based the upward variant sentence partly on its "suspicion" (J.A. 83) that his pending Texas charges will be dropped once he completes his federal sentence. Reigle contends that basing a sentence on a suspicion is improper because defendants have the right to be sentenced on the basis of accurate information.

Certainly, a defendant has "a due process right to be sentenced only on information which is accurate." *United States v. Nichols*, 438 F.3d 437, 440 (4th Cir. 2006) (internal quotation marks omitted). But it is not apparent that the district court relied on inaccurate information about the Texas charges when it imposed Reigle's sentence. Rather, it is clear that the district court imposed an upward variant sentence because of Reigle's extraordinarily egregious conduct and lack of understanding about the wrongfulness of his behavior.

Because Reigle has failed to establish that his sentence is procedurally unreasonable, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5