**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4462

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN KEITH PERSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:15-cr-00035-FL-1)

Submitted:  October 31, 2022                    Decided:  December 14, 2022

Before THACKER, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Keith Person, Jr., appeals the district court's imposition of a 24-month term of imprisonment following the court's revocation of his supervised release. On appeal, Person argues that his sentence is procedurally unreasonable because the district court failed to address the nonfrivolous mitigating arguments he raised during the revocation hearing. For the following reasons, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we apply the same general considerations used in evaluating original criminal sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (internal quotation marks omitted). Only if we conclude that a revocation sentence is procedurally or substantively unreasonable will we consider whether the sentence "is plainly so." *Id.* at 208 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e) (incorporating section 3553(a) factors by

2

reference and permitting district courts to enter a revocation after consideration of those factors). The sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," but "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). Indeed, a revocation sentence "need not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's acknowledgment of its consideration of the arguments will suffice." *United States v. Patterson*, 957 F.3d 426, 438 (4th Cir. 2020) (emphasis omitted).

We conclude that Person's revocation sentence is procedurally unreasonable because the district court did not address or acknowledge the mitigating arguments his counsel raised during the revocation hearing. *See Slappy*, 872 F.3d at 209 (noting that even "relaxed requirements for revocation sentences are not satisfied" if district court "entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive"). The Government contends, however, that this error is harmless. "To establish harmless error, the [G]overnment bears the burden of demonstrating that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (cleaned up). We agree with the Government that the procedural error is harmless. The district court made clear that it was imposing a 24-month sentence, and not a higher one, only because it was bound by the

3

statutory maximum. Therefore, the court's explicit consideration of Person's mitigating arguments would not have resulted in a lower sentence.

Accordingly, we affirm Person's revocation sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*