**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4460

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TULIO RAMON MEJIA-MARTINEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:22-cr-00023-FL-1)

Submitted:  January 6, 2023                          Decided:  June 9, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tulio Ramon Mejia-Martinez, a native and citizen of Honduras, appeals the 18-month sentence imposed pursuant to his guilty plea to illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Mejia-Martinez asserts, among other arguments, that the district court failed to adequately consider his arguments for a downward variant sentence. Upon review, we hold that the district court procedurally erred in imposing this sentence and that this error was not harmless. Accordingly, we vacate Mejia-Martinez's criminal judgment and remand for resentencing.

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). In explaining its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal

2

decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). Where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id*. Nonetheless, a district court's failure to give "specific attention to [a defendant's] nonfrivolous arguments" results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted).

In broad terms, Mejia-Martinez requested a downward variance from his revised Sentencing Guidelines range of 18-24 months in prison because the presentence report overrepresented his criminal history and the relevant facts and circumstances indicated that Mejia-Martinez posed a lower-than-usual risk of recidivism. Admittedly, Mejia-Martinez's arguments were not nuanced, lengthy, or complex. However, while the court engaged with counsel and Mejia-Martinez concerning some of the relevant facts and circumstances, the court did not directly engage with either of these arguments prior to imposing its sentence. Importantly, the court's colloquy with Mejia-Martinez and his

attorney did not touch upon the alleged overrepresentation of Mejia-Martinez's criminal history, which both drove the calculation of Mejia-Martinez's adjusted offense level and, of course, his criminal history score. *Cf. Blue*, 877 F.3d at 521 (noting that reviewing court may infer that district court considered defendant's arguments if "the sentencing court engages counsel in a discussion about that argument"). Upon review of the record, we are not convinced that what statements the court did offer—even when considered in context of the sentencing transcript as a whole—make it "patently obvious" that the court "truly considered [Mejia-Martinez's] nonfrivolous arguments." *Id*. Accordingly, we conclude that the court's failure to respond to the proffered mitigation arguments constitutes procedural error.

To avoid reversal, the Government must demonstrate that this procedural error was harmless, which requires "pro[of] that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). In other words, the Government must show that Mejia-Martinez did not receive a longer sentence because of the district court's failure to consider his nonfrivolous arguments. The Government makes no such argument, though, contending instead that the district court directly addressed Mejia-Martinez's mitigation arguments. Upon review of the record, we cannot agree. Accordingly, the Government has failed to meet its burden to demonstrate that the district court's error was harmless. And because we conclude that Mejia-Martinez's arguments in mitigation were not particularly weak in that they were highly relevant to the primary issues of concern in this case, to wit: Mejia-Martinez's likelihood of recidivating and the violent nature of his prior criminal conduct, we cannot conclude

4

that the sentencing error is harmless.  *Cf. United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010) (holding district court's error harmless because the court explained that it considered the sentencing factors, "emphasized the need for specific and general deterrence," and the defendant's arguments "were very weak").

Accordingly, we vacate Mejia-Martinez's sentence and remand for resentencing. We deny as moot Mejia-Martinez's motion for accelerated case processing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*