**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4357**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MELCHOR CALDERON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. David A. Faber, Senior District Judge. (7:12-cr-00037-FA-2)

_____

Submitted: November 29, 2023                   Decided: December 18, 2023

_____

Before GREGORY, WYNN, and THACKER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Sandra Barrett, Hendersonville, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2014, Melchor Calderon was convicted of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; possessing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(B)(i); conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; and kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a). Calderon filed a 28 U.S.C. § 2255 motion to vacate his § 924(c) conviction, and the district court granted the motion, vacated Calderon's conviction and sentence for the § 924(c) offense, and scheduled a resentencing hearing. Calderon now appeals the 242-month sentence of imprisonment that the court imposed on resentencing. He challenges the procedural and substantive reasonableness of the sentence, argues that the Government committed prosecutorial misconduct in advocating for a particular sentence, and contends that vacatur of the sentence is warranted pursuant to the doctrine of cumulative error.[*] We vacate and remand for resentencing.

When, as here, the district court reviews a sentence under § 2255 and determines that it is unlawful, the court shall vacate and set aside the sentence and must order "(1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007); *see also* 28 U.S.C. § 2255(b). Here, the court conducted a resentencing hearing, and we review Calderon's resulting sentence for reasonableness

---

[*] Calderon also briefly argues that the district court's failure to explicitly vacate the entirety of his original sentence renders his new sentence void. This argument is meritless.

2

"under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). We first examine the sentence for procedural error, which includes "failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Only if we find the sentence procedurally reasonable do we consider its substantive reasonableness. *Id.*

In pronouncing a sentence, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). While we "will not vacate a sentence simply because the district court did not spell out what the context of its explanation made patently obvious," *United States v. Blue*, 877 F.3d 513, 520-21 (4th Cir. 2017) (internal quotation marks and alterations omitted), "[t]he court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority," *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks and alterations omitted). Further, where "the district court imposes a sentence outside of the Guidelines range, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Provance*, 944 F.3d at 217 (internal quotation marks omitted).

3

Our review of the record indicates that the district court's explanation was inadequate to allow for meaningful appellate review. The court imposed a sentence over 70 months above the high end of the advisory Guidelines range, citing only the egregious nature of Calderon's offense conduct. While Calderon's conduct was abhorrent, the court failed to explain how that conduct justified the extent of the variance or otherwise offer a basis for the degree of the deviation. Additionally, the court briefly stated that it had considered Calderon's mitigating arguments and the § 3553(a) factors, but it did not discuss whether or how those arguments and factors influenced its sentencing calculus. *See Blue*, 877 F.3d at 518 ("[A] perfunctory recitation of the defendant's arguments or the § 3553(a) factors without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." (internal quotation marks omitted)). Even viewing the court's explanation in the context of the sentencing hearing as a whole, we are left to "guess at the district court's rationale" for imposing the chosen sentence. *Provance*, 944 F.3d at 218 (internal quotation marks omitted). Thus, we conclude that the court procedurally erred by failing to adequately explain the sentence.

Accordingly, we vacate the sentence and remand for resentencing. Because we conclude that the district court's procedural error warrants resentencing, we do not reach Calderon's remaining arguments regarding the sentence's substantive reasonableness, the Government's conduct in advocating for a particular sentence, or the court's alleged cumulative error. We dispense with oral argument because the facts and legal contentions

4

are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*