**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4531**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NARKEVIA LEWIS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00074-TSK-MJA-24)

———————

Submitted:  February 26, 2024                      Decided:  April 8, 2024

———————

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  David Schles, Charleston, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Narkevia Lewis pleaded guilty to aiding and abetting the maintaining of a premises for storing and distributing controlled substances, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. The district court sentenced Lewis to 151 months of imprisonment, the bottom of her advisory Sentencing Guidelines range. Lewis appeals, arguing that her sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Nance*, 957 F.3d at 212. If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.*

Lewis first contends that the district court erred in declining to find that her base offense level should be capped at 26. *See* U.S. Sentencing Guidelines Manual §§ 2D1.8(a)(2) (2023). Under the Guidelines, the base offense level for a defendant convicted of violating § 856(a) shall not exceed 26 if "the defendant had no participation in the underlying controlled substance offense other than allowing the use of the premises." *Id.* The Guidelines, however, clarify that § 2D1.8 does "not apply to . . . a defendant who

2

allowed the use of more than one premises." USSG § 2D1.8 cmt. n.1. The district court correctly found that Lewis allowed the use of multiple apartments and a storage unit rented under her name for the storage and distribution of controlled substances, and moreover, that her involvement was not limited to maintaining those premises. Accordingly, the district court did not clearly err in denying the application of USSG § 2D1.8(a)(2). *See United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) ("We review the factual findings underlying a district court's application of [the] Guidelines for clear error and the court's legal conclusions de novo."); *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) (explaining that district court's credibility determinations at sentencing are entitled to great deference).

Lewis also argues that the district court erred in denying her a mitigating role reduction pursuant to USSG § 3B1.2. Lewis contends that the district court failed to address the factors in USSG § 3B1.2 cmt. n.3(C) or her argument that she was less culpable than the average participant of the conspiracy. A defendant should only receive a minor role adjustment when the defendant is "substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(C) (discussing factors courts consider in determining whether the totality of the circumstances supports the reduction). Notably, "[a] defendant seeking a downward adjustment for [her] minor role in a criminal offense bears the burden of proving by preponderance of the evidence that [she] is entitled to such adjustment." *United States v. Nelson*, 6 F.3d 1049, 1058 (4th Cir. 1993). Here, the court rejected Lewis' assertion that she was less culpable than many of the members of the conspiracy, as she provided an indispensable service of providing places to store and divide

3

up the drugs for distribution, had been previously caught transporting a large amount of drugs across state lines, and was surveilled driving a coconspirator to a drug transaction. Accordingly, we are satisfied that the district court did not clearly err in denying Lewis the application of a mitigating role reduction.

Lewis next argues that the district court failed to sufficiently address her arguments for a downward variance or explain its reasoning for denying it. "When rendering a sentence, the district court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Mitchell*, 78 F.4th 661, 667 (4th Cir. 2023) (internal quotation marks omitted). In addition, the court must "explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "[A] district court's explanation should provide some indication that the court considered the § 3553(a) factors" and "considered [the] defendant's nonfrivolous arguments for a lower sentence." *Nance*, 957 F.3d at 212-13 (cleaned up). However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted).

The district court stated its factual findings as they applied to the § 3553(a) factors, including Lewis' history and characteristics and the seriousness of the offense, reiterated the sentencing goals, and explained how the sentence met those goals. The court meaningfully considered and addressed Lewis' mitigation arguments and explained why it

4

rejected her arguments for a variant sentence. Accordingly, we conclude that Lewis' sentence is procedurally reasonable.

Finally, Lewis challenges the substantive reasonableness of the sentence. "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3353(a)." *Arbaugh*, 951 F.3d at 176 (cleaned up). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). Here, the district court determined that a within-Guidelines-range sentence was appropriate given the relevant drug weight, the seriousness of the offense conduct, and the lack of mitigating circumstances in Lewis' personal history. Based on the factors identified by the district court, we conclude that Lewis has failed to rebut the presumption of substantive reasonableness afforded to her within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*