**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4526**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ALONSO CANTU-CANTU, a/k/a Primo, a/k/a Alonzo Cantu-Cantu,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:21-cr-00037-JPJ-PMS-1)

_____

Submitted:  July 30, 2024                         Decided:  August 6, 2024

_____

Before AGEE and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Matthew L. Felty, FELTY LAW FIRM, Abingdon, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alonso Cantu-Cantu appeals from the 300-month sentence imposed after a jury convicted him of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more, but less than five kilograms, of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii), (B)(ii). On appeal, Cantu-Cantu challenges his sentence as procedurally and substantively unreasonable, arguing that the court did not sufficiently address his argument that a sentence within the calculated Sentencing Guidelines range would result in a sentencing disparity with similarly situated defendants. He argues that his 300-month sentence is substantively unreasonable because it resulted in a disparity among similarly situated defendants on a national basis. Finding no error, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 52 (2007). We first consider whether the sentencing court committed "significant procedural error," including insufficient consideration of the 18 U.S.C. § 3553(a) factors and inadequate explanation of the sentence imposed. *Id.* at 51; *see United States v. Lynn,* 592 F.3d 572, 575 (4th Cir. 2010). If we find the sentence procedurally reasonable, we also consider its substantive reasonableness under the totality of the circumstances. *Lynn,* 592 F.3d at 575. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines-range sentence is substantively reasonable; the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured

2

against the § 3553(a) factors." *United States v. Montes–Pineda,* 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Upon review, we find Cantu-Cantu's sentence both procedurally and substantively reasonable. Procedurally, the district court "provide[d] an individualized assessment" and "explain[ed] adequately the sentence imposed." *See United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020). The court acknowledged and sufficiently addressed Cantu-Cantu's request for a downward variance sentence based on the range of sentences of a small number of similarly situated defendants. Regarding substantive reasonableness, Cantu-Cantu has not rebutted the presumption that his within-Guidelines-range sentence is reasonable under the § 3553(a) factors.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*