**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4010

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHON DEWAYNE EADS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:23-cr-00115-1)

Submitted:  September 30, 2024                      Decided:  October 23, 2024

Before WILKINSON and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Judson C. MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathon Dewayne Eads appeals from the sentence imposed following his guilty plea to distributing methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Eads maintains that his sentence is procedurally unreasonable. A presentence investigation report (PSR) attributed roughly 2.83 pounds of methamphetamine to Eads based on his claim, which was recorded by a confidential informant, that he had spent "ten bands"—or $10,000—to purchase the drugs to sell (the "ten bands comment"). At sentencing, Eads argued in mitigation that, for various reasons, his claim should be disregarded as unreliable puffery. The district court found the PSR accurate and reliable and sentenced Eads to 132 months' imprisonment. On appeal, Eads challenges his sentence as procedurally unreasonable, arguing that the court did not address his mitigation argument. We affirm.

We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up). Thus, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has

2

rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (cleaned up). While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Where the court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020).

Eads contends that his sentence is procedurally unreasonable because the district court did not directly address Eads' mitigation argument that his "ten bands comment" should not have been considered in the attribution of drug quantity. Even assuming that the district court's explanation of Eads' sentence was insufficient because it did not directly address the argument, we hold that any error was harmless.

For a procedural error to be harmless, the Government must show that the error "did not have a substantial and injurious influence on the result." *United States v. Boulware,* 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and citation omitted). The Government bears the burden of showing that the error was harmless. *Id.* It can do so by showing that it is "simply unrealistic" to think that the district court would have changed its mind if it had to correct its error. *Id.* at 840. To determine whether a court's failure to sufficiently explain a sentence was harmless error, we may consider the strength or weakness of a party's unaddressed argument and whether the record indicates that the court considered that argument. *Id.* at 839-40.

Here, even if the district court erred in not addressing the "ten bands" quantity mitigation argument directly, any error was harmless. First, Eads' mitigation argument was weak, as a preponderance of the evidence established that 2.83 pounds of methamphetamine at issue could be reliably attributed to Eads based on his claim of having purchased $10,000 worth of that drug. In setting up transactions, he quoted methamphetamine prices in one-pound increments. He also sold methamphetamine to confidential informants in eighth-, quarter-, and half-pound increments. And, in addition to claiming that he purchased $10,000 worth of methamphetamine, he also asserted he was given two pounds for free. Indeed, confidential informants observed in plain view one to two pounds of methamphetamine in Eads' home. Further, the record indicates that the court, by finding the PSR reliable, rejected Eads' argument that his boast was unreliable.

Considering these facts, we can say with "fair assurance" that the district court would not impose a different sentence if it were forced to explain its reasoning, and any deficiency in the court's explanation did not have had a "substantial and injurious influence" on Eads' sentence. *See Boulware*, 604 F.3d at 838-39 (internal quotation marks omitted). Thus, any error was harmless.

We affirm Eads' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4