**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4488**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN SENEKA BOWERS,

Defendant - Appellant.

─────────────

**No. 23-4489**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN SENEKA BOWERS,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00458-TDS-1; 1:22-cr-00216-TDS-1)

─────────────

Submitted: October 16, 2024                Decided: October 28, 2024

─────────────

Before NIEMEYER, KING, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Norman Seneka Bowers appeals the 18-month sentence imposed after he admitted violating conditions of supervised release (No. 23-4488), and the 51-month sentence imposed after he pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (No. 23-4489). We affirm.

Bowers contends that the district court lacked jurisdiction over the supervised release violations. Questions about a district court's jurisdiction over a defendant's supervised release are reviewed de novo. *United States v. Thompson*, 924 F.3d 122, 127 (4th Cir. 2019). Bowers argues that the district court's jurisdiction to revoke supervised release or to sanction violations ends when the term of supervised release expires. A court's authority to enter a revocation judgment, however, "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). Here, the warrant or summons was issued before the expiration of supervised release and the district court found the delay to be reasonably necessary. We have reviewed the record and find no error in the court's decision to exercise jurisdiction over the supervised release violations. Accordingly, we affirm the 18-month sentence.

Bowers was sentenced to 51 months' imprisonment, an upward variance, and three years' supervised release for the drug distribution conviction. Bowers asserts that the district court should have applied an amendment to the Sentencing Guidelines that, if applicable, would have reduced Bowers's criminal history category from IV to III. But the

3

court had no occasion to consider that amendment because it was not going to be effective for several months. *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (instructing courts to use Guidelines in effect on day of sentencing).

Bowers also contends that the district court did not adequately explain the upward variant sentence. We review "sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*

To allow for meaningful review by this Court, the district court "is required to provide 'an individualized assessment' based on the facts before the court, and to explain adequately the sentence imposed." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). An "explanation is sufficient if it, 'although somewhat brief[ly], outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments'" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (quoting *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010)

4

(internal quotation marks omitted)).  When the court imposes a variance, it must consider the extent of the variance and adequately explain the chosen sentence to allow for meaningful review.  *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012).  We have reviewed the record and the district court's imposition of an upward variance and find that the court adequately explained the sentence by relying on the § 3553(a) factors.  Accordingly, we affirm the 51-month sentence.

We thus affirm both sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*