**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4282**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL MARQUIS HUTCHINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00523-BO-1)

Submitted:  August 28, 2024                          Decided:  November 12, 2024

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Raymond C. Tarlton, Joshua D. Xerri, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Marquis Hutchinson appeals his convictions and sentence following a jury trial for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).    On appeal, Hutchinson argues that (1) the district court erred in declining to hold an evidentiary hearing on Hutchinson's motion to suppress and in denying that motion; (2) the Government made improper, misleading statements during its closing argument; and (3) the court procedurally erred in imposing Hutchinson's sentence.    We affirm Hutchinson's convictions but vacate his sentence and remand for resentencing.

On February 3, 2019, Kenneth Earwood and other police officers responded to a robbery in Fayetteville, North Carolina.    While investigating the area, they noticed Hutchinson at a nearby McDonald's.    Hutchinson's skin color and attire matched that of the robber.    Officer Earwood approached Hutchinson as Hutchinson was sitting in his car in the McDonald's parking lot.    Earwood smelled marijuana as he neared Hutchinson's vehicle.[1]    He asked Hutchinson for identification, but Hutchinson said he had none, so Earwood asked Hutchinson for his name, and Hutchinson gave a false name.    Unable to find in any database the false name that Hutchinson gave, Earwood and other police officers reapproached Hutchinson, removed him from the vehicle, and arrested him.    A

---

[1] Following Hutchinson's arrest, at least two other officers corroborated smelling marijuana on Hutchinson or near his vehicle.

2

drug-sniffing dog subsequently alerted on Hutchinson's vehicle. Officers searched Hutchinson's vehicle, turning up marijuana, drug paraphernalia, and a handgun. When officers confronted Hutchinson about the discovery of the handgun, Hutchinson said, "[w]hat gun? . . . But truthfully, listen man, I'm 33, man, three to five, whatever, I'm still young . . . [I'll] go to the yard . . . Let's get this over with."[2]

A federal grand jury indicted Hutchinson for the aforementioned drug and firearm offenses. Hutchinson moved to suppress the evidence of marijuana and the handgun on the basis that police did not have reasonable suspicion to approach and seize him. As he saw it, his attire was not sufficiently similar to that of the Family Dollar robber; his behavior was not suspicious; and, by the time officers noticed him, roughly an hour had passed since the robbery. Additionally, Hutchinson claimed that an unidentified officer had been unsure about whether they smelled marijuana near Hutchinson or his vehicle. The Government opposed the motion, describing the factual background slightly differently. The district court denied Hutchinson's motion without a hearing. The court found, among other things, that police officers had reasonable suspicion to conduct a *Terry* stop because Earwood smelled marijuana as he initially approached Hutchinson's vehicle, which Hutchinson's suppression motion did not dispute. *See Terry v. Ohio*, 392 U.S. 1 (1968).

Hutchinson proceeded to trial. During the Government's closing argument, the prosecutor asserted that Hutchinson knowingly possessed the handgun found in his vehicle.

---

[2] This statement was recorded by one of the officer's bodycams.

Counsel pointed out that, when confronted with officers' discovery of the handgun, Hutchinson said he was only 33 years old and would go back to "the yard, three to five." "Let's give him what he wants," the prosecutor told the jury, which subsequently found Hutchinson guilty on all counts.

At the sentencing hearing, Hutchinson requested a mandatory minimum 60-month sentence based on certain mitigation arguments. The Government argued for a 120-month sentence based on Hutchinson's extensive and violent criminal history. The district court, without explanation, imposed a sentence of 30 months on Counts One and Two and 60 months on Court Three, to run consecutively, for an aggregate term of 90 months. Hutchinson timely appealed.

## I.

Hutchinson argues first that the district court erred in failing to hold an evidentiary hearing on his motion to suppress and in denying that motion. He contends that his motion and the Government's response conflicted regarding purportedly material facts leading up to officers' initial contact with Hutchinson, as well as whether an officer had doubted smelling marijuana near Hutchinson's car. Hutchinson also asserts that police officers were not justified in stopping him because his skin color, black clothing, proximity to Family Dollar an hour after the robbery, and innocuous behavior outside the McDonald's all failed to establish reasonable suspicion under *Terry*.

We review for abuse of discretion a district court's decision on whether to hold an evidentiary hearing before ruling on a suppression motion. *United States v. Bowman,* 106 F.4th 293, 300 (4th Cir. 2024). A hearing is required only if material facts are in dispute.

4

*Id.* When reviewing a district court's denial of a motion to suppress, we evaluate factual findings for clear error and legal conclusions de novo, considering the evidence in the light most favorable to the Government. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021).

We conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing before ruling on Hutchinson's motion to suppress. Marijuana odor emanating from a vehicle is sufficient to justify a law enforcement officer's reasonable suspicion to conduct a *Terry* stop, *United States v. White*, 836 F.3d 437, 442 (4th Cir. 2016), *abrogated on other grounds by United States v. Stitt*, 586 U.S. 27 (2018); *United States v. Rooks*, 596 F.3d 204, 210 (4th Cir. 2010), as well as probable cause to search that vehicle, *United States v. Palmer*, 820 F.3d 640, 650 (4th Cir. 2016). Given Officer Earwood's undisputed observation,[3] any discrepancies between Hutchinson's motion and the Government's response regarding the facts leading up to officers' initial contact with Hutchinson were therefore immaterial. Accordingly, the district court was not required to hold a hearing before ruling on Hutchinson's motion to suppress.

Similarly, the district court did not err in denying Hutchinson's motion to suppress. Hutchinson contends that his skin color, black clothing, proximity to Family Dollar an hour after the robbery, and innocuous behavior outside the McDonald's all failed to establish

---

[3] Without citation, Hutchinson avers that an unidentified officer expressed doubt that he smelled marijuana. Even accepting Hutchinson's allegation as true, such a statement does not call into doubt Earwood's assertion that *he* smelled marijuana. Moreover, Earwood's statement was corroborated by other officers.

reasonable suspicion for a *Terry* stop.  However, regardless of whether police officers had reasonable suspicion before approaching Hutchinson's vehicle, they were justified in seizing Hutchinson upon making contact and smelling marijuana.  Accordingly, the district court correctly denied Hutchinson's motion to suppress.

## II.

Next, Hutchinson argues that the Government made misleading statements during closing arguments.  Specifically, the Government recounted that, when confronted with officers' discovery of his firearm, Hutchinson said, effectively, "I'm 33 years old, I'll go back to the yard, three to five."  "Let's give him what he wants," counsel told the jury. Hutchinson—who was facing the possibility of a much longer sentence—asserts that these statements were misleading.

"Unquestionably," a prosecutor's comments about a defendant's possible sentence "are improper and may warrant a reversal."  *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987).  This is because "[t]he jury must reach its verdict without considering possible sentences; a suggestion that a defendant may receive a light sentence may make the jury willing to convict on weaker evidence than it would otherwise require."  *Id*. Nevertheless, "[g]reat latitude is accorded counsel in presenting closing arguments to a jury."  *United States v. Webb*, 965 F.3d 262, 267 (4th Cir. 2020) (cleaned up).

"In assessing whether a prosecutor's argument warrants reversal, we apply a two-part test, i.e., (1) whether the argument was improper, and if so, (2) whether it so prejudicially impacted the defendant's substantial rights as to deprive him of a fair trial." *Id.* (internal quotation marks omitted).  We review only for plain error where, as here, the

6

defendant did not object below.  *Id.*  Under such review, "we may reverse only if any error was plain and affected substantial rights, and a failure to reverse would seriously affect the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  Hutchinson has made no such showing.  Accordingly, this claim warrants no relief.

## III.

Finally, Hutchinson contends that the district court erred at sentencing by failing to address his mitigation arguments and by failing to explain the sentence imposed. Hutchinson argued for a mandatory minimum 60-month sentence based on certain mitigation arguments.  The district court imposed a 90-month sentence without explanation.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing."  *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted).  Such an explanation should also "provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant."  *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (cleaned up).  Additionally, a sentencing court must address a defendant's nonfrivolous arguments for mitigation, *Rita v. United States*, 551 U.S. 338, 357 (2007), giving such arguments "specific attention,"

7

*United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017).  Failure to adequately explain the sentence, consider the § 3553(a) factors, or address a defendant's nonfrivolous mitigation arguments is procedural error.  *Gall*, 552 U.S. at 51.

A procedural error is nevertheless harmless, however, if it "did not have a substantial and injurious effect or influence on the result." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted).  Harmlessness can be established by showing that a defendant's mitigation arguments were particularly weak. *See id*. at 839-40.  Similarly, this Court "will not vacate [a district court's] sentence simply because the court did not spell out what the context of its explanation made patently obvious." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

Here, the district court erred in failing to provide any explanation for the sentence imposed.[4] *See United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (vacating and remanding where the district court "failed to explain how the § 3553(a) factors support the sentence . . . [or] provide any sentencing rationale at all"); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) ("Because the record here does not demonstrate that the district court conducted [an individualized] assessment and so does not reveal why the district court deemed the sentence it imposed appropriate, we cannot hold the sentence procedurally reasonable.").  In addition, the district court's failure to provide an explanation was not harmless.  First, the lack of explanation undermined "the perception

---

[4] Given this ruling, we decline to address Hutchinson's claim regarding the district court's failure to consider his mitigating arguments.

8

of fair sentencing." *See Lewis*, 958 F.3d at 243.  Second, it thwarted our ability "to conduct meaningful appellate review." *See id*.  While the Government argues that Hutchinson was not harmed because he received a sentence below the Guidelines range, the district court's failure to provide any explanation whatsoever renders such argument mere speculation. Accordingly, we vacate Hutchinson's sentence and remand for resentencing.

## IV.

For the foregoing reasons, we affirm Hutchinson's convictions.  We vacate his sentence, however, and remand for resentencing.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*