**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4348**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHAROD TERRON TERRY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:23-cr-00045-KDB-DCK-1)

─────────────

Submitted:  June 5, 2025                                    Decided:  August 7, 2025

─────────────

Before HARRIS and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** John G. Baker, Federal Public Defender, Ashley A. Askari, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charod Terron Terry pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and he was sentenced to 110 months in prison. Terry asserts that the district court failed to address the nonfrivolous mitigation arguments he presented at sentencing, thereby rendering his sentence procedurally unreasonable, and that his § 922 conviction is unconstitutional under *N.Y. State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022). Finding no error, we affirm.

First, Terry's arguments based on *Bruen* are foreclosed by this court's precedent. *See United States v. Hunt*, 123 F.4th 697, 704 (4th Cir. 2024) (holding that, post-*Bruen*, § 922(g)(1) convictions are not susceptible to as-applied Second Amendment challenges), *cert. denied sub nom. Hunt v. United States*, No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025); *see also United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) ("Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." (internal quotation marks and emphasis omitted)). *Cf. United States v. Askew*, 98 F.4th 116, 123 (4th Cir.) (observing that, while defendant "may have had a right to possess firearms, he had no right to possess them in furtherance of his drug dealings"), *cert. denied*, 145 S. Ct. 326 (2024).

Next, we review Terry's sentence for "reasonableness" by applying the "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "When an abuse of discretion occurs, we will vacate the defendant's sentence unless we conclude that the district court's error was harmless."

2

*United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks and brackets omitted).

In reviewing Terry's sentence for reasonableness, "[o]ur inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). First, we must assess whether the sentencing court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors," choosing "a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). Thus, "[a] sentence is procedurally unreasonable if the district court commits a significant procedural error, such as: (1) imposing a sentence based on clearly erroneous facts; (2) failing to explain the sentence adequately; or (3) failing to address the defendant's nonfrivolous arguments." *Lewis*, 958 F.3d at 243 (internal quotation marks omitted).

As to the extent of a district court's explanation for a chosen sentence, "[a] district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (internal quotation marks omitted). "A sentence within the Guidelines range requires less explanation than one outside that range." *Id.* "However, this [c]ourt, in reviewing a district court's sentencing rationale, cannot rely on the mere fact that the sentence falls within the Guidelines range." *Id.*

3

Moreover, "it is sometimes possible to discern a sentencing court's rationale when an explanation is lacking." *Id.* (internal quotation marks and brackets omitted). "Thus, we will decline to vacate a sentence when the court's reasoning, although not spelled out, was "patently obvious." *Id.* (internal quotation marks and brackets omitted). "But we may do so only when the context surrounding a district court's explanation imbues it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." *Id.* at 243-44 (internal quotation marks, brackets, and ellipses omitted).

However, "we will not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Id.* at 244 (internal quotation marks and alteration omitted). "At bottom, [we] cannot substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *Id.* (internal quotation marks omitted).

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness." *Friend*, 2 F.4th at 379. In considering the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022)

4

(internal quotation marks omitted).  Indeed, a defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors."  *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

We find that the district court's explanation for the 110-month sentence is sufficient to allow this court to meaningfully review the court's sentencing determination and that the reasons the court identified for the imposed sentence were proper.  In particular, the record confirms that the district court reviewed Terry's sentencing memorandum, which included arguments in favor of a lesser sentence, and that the court considered the mitigation arguments counsel presented at sentencing.  It is nonetheless apparent that the court disagreed with Terry's arguments and found that his history and characteristics necessitated the sentence imposed.  *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (recognizing that "context [may] demonstrate[] the court meaningfully considered [a defendant's] central thesis," and the court is therefore "not required to address separately each supporting fact" (internal quotation marks omitted)).

The court also appropriately considered other § 3553(a) factors it deemed especially relevant, such as the seriousness of Terry's offense, the need to afford adequate deterrence to Terry's criminal conduct, and to protect the public from Terry's further criminal activity.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  The district court also expressly indicated that it decided to impose a sentence at the bottom of Terry's Guidelines range to avoid imposing a sentence similar to those imposed on individuals found with larger quantities of narcotics.

5

*See* 18 U.S.C. § 3553(a)(6) (directing district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

We thus conclude that the district court's explanation "provide[s] some indication that [it] considered the § 3553(a) factors and applied them to [Terry]," *Nance*, 957 F.3d at 212-13 (internal quotation marks and brackets omitted), and that it considered Terry's nonfrivolous arguments for a lower sentence but had "a reasoned basis for exercising its own legal decision-making authority," *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (internal quotation marks and brackets omitted); *see Fowler*, 58 F.4th at 153-54 ("When a district court has fully addressed the defendants central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." (internal quotation marks omitted)). Accordingly, we presume that Terry's sentence, which was at the bottom of his Guidelines range, is reasonable. *See Gillespie*, 27 F.4th at 945. And, in the absence of any challenge to the substantive reasonableness of the imposed sentence, we will not disturb the district court's determination that a 110-month sentence was warranted. *See Friend*, 2 F.4th at 383 ("[W]hen a district court is responsive to our mandates and reasonably exercises its sentencing power, we must respect its judgment.").

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6